**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL S. OWL FEATHER-GORBEY,  :    Civil No. 3:20-cv-1457
                               :
           Plaintiff          :    (Judge Mariani)
                               :
    v.                      :
                               :
S. SPAULDING, WARDEN, *et al.*,    :
                               :
          Defendants      :

**<u>MEMORANDUM</u>**

Plaintiff, Michael Steven Owl Feather-Gorbey ("Gorbey"), a federal inmate

incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"),

initiated the instant action pursuant to *Bivens*[1], 28 U.S.C. § 1331, and the Federal Tort

Claims Act ("FTCA")[2].  (Doc. 1).  He subsequently filed motions (Docs. 7, 9) for leave to

amend the complaint.  Gorbey seeks to proceed *in forma pauperis*.  (Docs. 10, 15).  Gorbey

is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g).

Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of

---

[1]   *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2]   The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

serious physical injury at the time he filed his complaint. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).

Review of the complaint and amendments has been undertaken and, as set forth in detail below, Gorbey has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. Accordingly, the applications to proceed *in forma pauperis* will be denied, and this action will be stayed pending receipt of the full filing fee.

I.   **Allegations of the Complaint and Allegations of Imminent Danger**

In the complaint and amendments, Gorbey alleges that Defendants thwarted his efforts to exhaust administrative remedies and denied his requests for administrative relief. (Doc. 1, pp. 2-3; *see also* Docs. 7, 8, 9). He also alleges that he is assigned to a top bunk, he failed to receive proper medical treatment for his glaucoma, he is not provided adequate services to practice his religion, and he was denied razors and the ability to shave. (Doc. 1, pp. 3-7). Additionally, Gorbey alleges that he is in imminent danger of serious physical injury because BOP staff members attempted to murder him by exposing him to the coronavirus disease (COVID-19), that staff members did not follow safety protocols when administering COVID-19 tests, and that he was denied showers and the ability to wash his clothes and bed linens. (Doc. 9, pp. 2-7).

For relief, Gorbey seeks monetary compensation, immediate medical treatment at an outside medical facility, transfer to a lower security federal institution, and the termination of Warden Spaulding. (Doc. 1, p. 9; Doc. 9, p. 8).

II.    <u>Discussion</u>

Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. *See Gorbey v. The Federal Bureau of Alcohol, et al.*, Civil No. 5:11-cv-126 (N.D. W. Va. March 14, 2012) at (Doc. 26) (noting that Gorbey has filed eleven cases that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted); *Gorbey v. District of Columbia, et al.*, Civil No. 2:09-cv-151 (S.D. Ind. 2009) at (Doc. 2) (noting that Gorbey was barred from proceeding *in forma pauperis* due to his three strike status under 28 U.S.C. § 1915(g)); *Gorbey v. Federal Bureau of Prisons, et al.*, Civil No. 5:10-cv-309 (M.D. Fla. 2010) at (Doc. 4) (imposing three strikes bar and citing previous strikes incurred by Gorbey). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege

3

an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. *Id.* at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." *Id.*; *see also Abdul-Akbar*, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313.

In the present matter, Gorbey's claims of imminent danger fail to meet that standard. He asserts that he is in imminent danger of serious physical injury because he is assigned to a top bunk, he failed to receive proper medical treatment for his glaucoma, he is not provided adequate services to practice his religion, he was denied razors and the opportunity to shave, BOP officials thwarted his efforts to exhaust his administrative remedies and exposed him to COVID-19. (Doc. 1, pp. 3-7; Doc. 9, p. 2-7). The Court finds that these allegations simply do not rise to the level of a serious physical injury, or threat of serious physical injury. 28 U.S.C. § 1915(g). Gorbey's claims are too speculative to be considered imminent. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015), ("[C]ourts . . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.") (citation omitted). An inmate claiming that he is in imminent danger of serious physical harm must "make specific [and] credible allegations to that effect." *Ball*, 726 F.3d at 470 (citation omitted).

4

Upon thorough review of the filings in the instant action, the Court finds that Gorbey was not under imminent danger of serious physical injury when he signed and filed his complaint. Gorbey has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis*. *See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)). If Gorbey wishes to pursue the claims in this action, he must pay the filing fee in full. Failure to pay the full fee will result in dismissal of the complaint.

## III.   Conclusion

The Court will deny Gorbey's applications to proceed *in forma pauperis* and direct him to submit the requisite filing fee. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: November __16__, 2020